UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR ANTHONY POOLE,

    Plaintiff,

v.                                                Case No. 12-14917

UNITED STATES OF AMERICA,           HON. AVERN COHN

    Defendant.

_____/

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

I.

Plaintiff Jamar Anthony Poole, proceeding pro se, has filed a complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2680 et seq. ("FTCA"), naming the United States of America as a defendant. Plaintiff is a federal prisoner confined at the Federal Correctional Institution in Oxford, Michigan.

For the reasons that follow, however, the Court will dismiss the complaint for lack of subject-matter jurisdiction.[1]

II.

The Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); see also FW/PBS, Inc. v. City of Dallas, 493

---

[1] Plaintiff filed a nearly identical complaint on June 21, 2012 naming the United States Marshal Service, United States District Court for the Eastern District of Michigan (Southern Division), Lolita Granger, Deputy Clerk, and Brian Beardsley, U.S. Marshal as defendants. Poole v. United States Marshal, 12-12741. That case was assigned to the undersigned. The Court dismissed the case for lack of subject matter jurisdiction. (Doc. 5).

U.S. 215, 231 (1990) (stating that a federal court is always "under an independent obligation to examine their own jurisdiction,"); Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject-matter jurisdiction."). A federal court may not entertain an action over which it has no jurisdiction. See Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

Moreover, under 28 U.S.C. § 1915(e)(2), a district court may dismiss a complaint filed without payment of the filing fee at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

When reviewing pro se papers, the Court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972). However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

In the complaint, plaintiff describes a series of events starting on November 10, 2009 when he was allegedly taken into federal custody on a detainer. The complaint

alleges that federal marshals, the federal court, and federal court employees were involved in unlawfully detaining him.  The complaint alleges counts of (1) false imprisonment/aiding and abetting, (2) false arrest, (3) abuse of process , and (4) violation of due process.  He seeks money damages in excess of $500,000.00.

IV.

Plaintiff's claims against are subject to dismissal for lack of subject-matter jurisdiction.  As a general principle, the United States is immune from suit unless it clearly consents to be sued, waiving its immunity.  <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941); <u>United States v. White Mountain Apache Tribe</u>, 537 U.S. 465, 472 (2003).

The United States has waived its immunity to a limited extent in the FTCA, allowing a plaintiff to sue the United States.  While plaintiff, in naming the United States as the defendant, has named the proper defendant in an FTCA complaint, the complaint still fails to meet jurisdictional requirements.  Under the FTCA, a prospective plaintiff must first present his claim in writing to the appropriate federal agency before he may maintain a common law tort claim against an employee of the United States based upon acts taken within the scope of his or her employment.  28 U.S.C. § 2675(a).  Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail....

Importantly, the requirement of first filing an administrative claim is jurisdictional

3

and cannot be waived." Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir.1991) (citation omitted). See also McNeil v. United States, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Here, plaintiff has attached to his complaint what appears to be a claim form used to make a claim for damages against the government. However, it does not appear that plaintiff has completed the administrative claims process. Simply filling out a claim form and attaching it to his complaint is not sufficient. Plaintiff has therefore not established, or even alleged, that he has met this jurisdictional prerequisite. As such, the Court lacks subject-matter jurisdiction over his common law tort claims against the United States.

V.

For the reasons stated above, the complaint is DISMISSED for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

SO ORDERED.


Dated: November 15, 2012         S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 15, 2012, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160